James F. Crawford, Esq., P.C.
500 Bay Condominium
North Tower, Suite A
P.O. Box 355
Ocean City, New Jersey 08226
(609) 398-6860
Attorney for Plaintiff

| | |
|---|---|
| CATALINA COVE CONDOMINIUM ASSOCIATION, INC. | SUPERIOR COURT OF NEW JERSEY ATLANTIC COUNTY LAW DIVISION DOCKET NO. L-5364-06 |
| Plaintiff, | |
| v. | Civil Action |
| PARKSHORE DEVELOPMENT CORP.; JOHN DOE, I, a fictitious name; JOHN DOE, II, a fictitious name; JOHN DOE, III, a fictitious name; JOHN DOE, IV, a fictitious name; KEEN'S CAULKING AND WATERPROOFING; JOHN DOE, V, a fictitious name; Individually, Jointly, Severally and/or in the Alternative, | COMPLAINT AND JURY DEMAND |
| Defendant. | |

Plaintiff, Catalina Cove Condominium Association, Inc., by way of Complaint against the defendants, individually, jointly, severally and/or in the alternative, says:

### IDENTIFICATION OF PARTIES

1. The plaintiff in this matter, Catalina Cove Condominium Association, Inc., is a valid and existing non-profit membership corporation organized under Title 15A of the Revised Statutes of New Jersey.

2. Catalina Cove, a condominium, is a condominium regime established pursuant to N.J.S.A. 46:8B-1 et seq., commonly referred to as the New Jersey Condominium Act. Catalina Cove was established pursuant to the terms and conditions of a certain Master Deed filed by Catalina Cove, Inc., as Grantor, dated 12-15-89 and recorded in the Office of the Clerk of Atlantic County on 12-27-89 in Book 5020, Page 66. The condominium generally known as Catalina Cove is located in the City of Linwood, County of Atlantic and State of New Jersey.

3. Catalina Cove Condominium Association, Inc., is the entity which is responsible for the management, administration, utilization and maintenance of the common elements of Catalina Cove as described in, and as created by, the aforementioned Master Deed for Catalina Cove, a condominium. The plaintiff was established pursuant to the aforesaid Master Deed and By-Laws of Catalina Cove Condominium Association, Inc. The plaintiff is acting by and through its Board of Directors as established pursuant to Article 4 of the aforesaid By-Laws and pursuant to the aforesaid Master Deed. The association, through its Board of Directors, has the authority and duty to further the health, safety and general welfare of the residents of Catalina Cove.

4. Parkshore Development Corp. is the entity which developed the condominium regime generally known as Catalina Cove

and, in the course of such development, designed, constructed, marketed and sold the condominium units and common elements belonging to the condominium generally known as Catalina Cove. Parkshore Development Corp. is the entity which developed, designed, constructed, marketed and ultimately sold, to the public, various condominium units which comprise the condominium known as Catalina Cove. The sale, by Parkshore, of each condominium unit included an undivided percentage of the common elements of Catalina Cove, a condominium. In the alternative, John Doe, I, a fictitious name, is the proper name of the person, persons, entity or entities that developed, designed, and constructed the condominium units and common elements of Catalina Cove, a condominium. In the alternative, John Doe, II, a fictitious name, is the proper name of the person or persons, entity or entities that marketed and sold, to the public, the condominium units and common elements comprising Catalina Cove, a condominium.

5. John Doe, III, a fictitious name, is the proper name any other person or persons, entity or entities, who participated in the design, construction, marketing and sale of the aforesaid condominium units and common elements of Catalina Cove, a condominium.

6. John Doe, IV, a fictitious name, is the proper name

-3-

of any other person or persons, entity or entities who participated in the design, construction, marketing and sale of the aforesaid condominium units and common elements of Catalina Cove, a condominium, and whose negligence caused the damages sustained by the plaintiff as described in the subsequent paragraphs of this Complaint.

7. All of the person or persons, entity or entities referred to above, shall hereinafter collectively be referred to as the "Developer Defendants".

8. Defendant, Keen's Caulking and Waterproofing, is the name of the entity which, in conjunction with the Developer Defendants, undertook the responsibility of remediating certain defective conditions existing at Catalina Cove Condominium and who, in conjunction with the developer defendants, thereafter took certain actions in an attempt to remediate certain defective conditions at Catalina Cove, a condominium. In the alternative, John Doe, V, a fictitious name, is the proper name of the entity generally known as Keen's Caulking and Waterproofing.

## COUNT ONE

### BREACH OF CONTRACT AND NEGLIGENCE CLAIMS

1. At all times mentioned herein, all of the defendants were conducting business in Atlantic County, New

Jersey.

2. The Developer Defendants developed, designed, marketed, and sold, to the public, condominium units in a condominium regime generally known as Catalina Cove, a condominium.

3. In developing and marketing the aforesaid condominium units, the Developer Defendants assumed a contractual and common law duty to design, construct and convey, to the public, residential dwellings which conformed to existing standards applicable to the construction industry, which conformed to the construction plans that were made for the project, and which were free from defects in design and in construction.

4. In selling the various condominium units to the public, the Developer Defendants made representations as to the quality of the condominium units, which representations included certain representations concerning the quality and workmanship of the common elements of the condominium which were appurtenant to the individual condominium units. The Developer Defendants made written and oral representations to prospective purchasers in order to induce prospective purchaser into purchasing the individual condominium units.

5. The Developer Defendants expressly and impliedly

-5-

warranted that the condominium units, as constructed, would be in accordance with certain architectural plans and in accordance with all applicable building codes and existing standards in the industry.

6. The Developer Defendants breached their contractual obligations to the purchasers of the various individual units by failing to design and construct, in an acceptable manner, the various buildings which comprise the aforesaid condominium regime.

7. In designing and constructing the building units at Catalina Cove, the Developer Defendants failed to exercise that degree of care and skill that may reasonably be expected from those entities which operate in the construction industry. The Developer Defendants failed to exercise that degree of care, knowledge and skill ordinarily possessed and exercised in similar situations by the average construction entity and failed to exercise that degree of ordinary skill and diligence in applying the means ordinarily and generally used by construction entities of ordinary skill in the construction industry. The acts and omissions of the Developer Defendants, individually and jointly, were negligent acts which constituted a breach of the contractual and common law duties imposed upon the Developer Defendants by virtue of their sale of the condominium units to various members

of the public.

8. The Developer Defendants were negligent in the design and construction of the condominium buildings at Catalina Cove, which condominium building included the individual condominium units and the common elements appurtenant thereto.

9. The Developer Defendants designed, constructed and ultimately sold to the public, condominium units which were defective and which were not constructed in accordance with the architectural plans and standards applicable to the construction industry.

10. The sale, to the public, of each individual condominium unit at Catalina Cove included a proportionate undivided share of the common elements of Catalina Cove, a condominium. The management of the proportionate share of the common elements that each individual unit owner purchased has been assigned to the plaintiff, who brings this action on behalf of all unit owners of Catalina Cove, a condominium.

11. By means of a separate wrongful act, the developer defendants, in designing, constructing and selling defective condominium dwellings, have exposed the plaintiffs to an increased risk of harm of further damage to the common elements of the aforesaid condominium. The negligent acts of the Developer Defendants have had the effect of undermining the

structural integrity and safety of the individual buildings.

12. As a direct and proximate result of the aforesaid breach of contractual duties by the Developer Defendants, the plaintiff has suffered damages as is described more fully below.

WHEREFORE, the plaintiff demands judgement against Developer Defendants, individually, jointly, severally and/or in the alternative for damages, together with interest, costs of suit and reasonable attorney's fees.

## COUNT TWO

### BREACH OF IMPLIED WARRANTIES

1. The plaintiff hereby repeats each and every allegation of the First Count of this Complaint and incorporates the same by reference herein as though set forth at length.

2. The Developer Defendants, as a result of the actions described in the preceding counts of this Complaint, breached certain implied warranties of merchantability and fitness for use for a particular purpose.

3. As a direct and proximate result of the breach of these warranties by the Developer Defendants, the plaintiff has suffered damages.

WHEREFORE, the plaintiff demands judgement against the Developer Defendants, individually, jointly, severally and/or in

the alternative, for damages, together with interest, attorney's fees and costs of suit.

## COUNT THREE

## CONSUMER FRAUD

1. The plaintiff hereby repeats each and every allegation of the First and Second Counts of this Complaint and incorporates the same by reference herein as though set forth at length.

2. The Developer Defendants, in order to induce the members of the public to purchase the aforesaid condominium units, individually and jointly, made written and oral representations as to the quality of the condominium units and the common elements appurtenant thereto.

3. Subsequently, the Developer Defendants failed to provide condominium units and common elements which conformed to the representations that had been made to the members of the public; the Developer Defendants also failed to construct the condominium units and common elements in accordance with applicable standards, codes and regulations, and in accordance with the architectural plans that had been designed for use in the construction of the condominium buildings. The failure to provide the condominium buildings in accordance with the representations that were made and in accordance with the

applicable standards, codes, regulations and architectural plans, constitutes a violation of the Consumer Fraud Act, also known as N.J.S. 56:8-1 et seq.

4. As a direct and proximate result of the Developer Defendants' violation of N.J.S. 56:8-1, et seq., the plaintiff has sustained damages and the plaintiff hereby demands judgement for all remedies provided by N.J.S. 56:8-1 including a three-fold award of all damages, attorney's fees incurred in the prosecution of this action, interest, fees and costs of suit.

WHEREFORE, the plaintiff demands judgement against the Developer Defendants, individually, jointly, severally and/or in the alternative, for their damages, together with interest, attorney's fees and costs of suit.

## COUNT FOUR

## FAILURE OF REMEDIATION

1. The plaintiff hereby repeats each and every allegation of the First, Second and Third Counts of this Complaint and incorporates the same by reference herein as though set forth at length.

2. In the autumn of 1999, the Board of Directors of the plaintiff advised the Developer Defendants of construction deficiencies with respect to the structural integrity of the

-10-

exterior walls of the condominium buildings at Catalina Cove. The construction deficiencies in the exterior walls resulted in excessive water penetration through and into the internal components of the exterior walls, thus causing damage to those portions of the exterior walls.

3. Thereafter, the Developer Defendants and defendant, Keen's Caulking and Waterproofing, assumed the responsibility to investigate and remediate the cause of the water penetration and to repair the damage caused by such water penetration. In the alternative, John Doe, V, a fictitious name, is the property name of the entity generally known as Keen's Caulking and Waterproofing. Defendant, Keen's Caulking and Waterproofing and John Doe, V, a fictitious name, shall hereinafter be collectively referred to as "Keen's".

4. In undertaking the remediation of the construction deficiencies, the Developer Defendants and Keen's assumed the duty to properly and adequately investigate the cause of the excessive water infiltration and to otherwise diagnose the reason for such water infiltration. The Developer Defendants and Keen's also assumed the duty to take such measures as were necessary in order to prevent future water infiltration and to repair damage that had been caused by previous water infiltration.

5. The duties assumed by the Developer Defendants and

-11-

Keen's included the replacement of all portions of the exterior wall which had been damaged including foam trim, plywood sheathing, exterior stucco, and all other portions of the wall which required repair.

6. The Developer Defendants and Keen's, both individually and jointly, were negligent in that they failed to properly diagnose the cause of the water infiltration and were further negligent in failing to take steps to remedy the cause of such water infiltration. The Developer Defendants and Keen's were further negligent in failing to take such steps as were necessary in order to rectify the structural damage that had been caused by previous water infiltration and in failing to take such steps as were necessary in order to ensure that the remediation work would be effective in preventing water infiltration.

7. As a direct and proximate result of the negligence of the Developer Defendants and Keen's, as described in this Count of plaintiff's Complaint, the plaintiff has sustained substantial damage to the common elements of Catalina Cove, all of which have caused the plaintiff to incur economic damages.

WHEREFORE, the plaintiff demands judgement against the Developer Defendants and Keen's, individually, jointly, severally and/or in the alternative, for their damages, together with

interest, attorney's fees and costs of suit.

JAMES F. CRAWFORD, ESQ., P.C.

BY: _____
James F. Crawford
Attorney for Plaintiff

DATED: 6/23/06

## DEMAND FOR TRIAL BY JURY

The plaintiff, Catalina Cove Condominium Association, Inc., hereby demands a trial by jury as to all issues triable by a jury.

JAMES F. CRAWFORD, ESQ., P.C.

BY: _____
James F. Crawford
Attorney for Plaintiff

DATED: 6/23/06

CERTIFICATION PURSUANT TO RULE 4:5-1

The undersigned, James F. Crawford, attorney for the plaintiff, certifies on behalf of the plaintiff as follows:

1. I am the attorney for the plaintiff in the above matter and I am making this Certification on behalf of the plaintiff.

2. This matter is not the subject of any other action pending in any Court, nor is this matter the subject of any arbitration proceeding.

3. The plaintiff is presently unaware of any other parties who should be joined in this action.

_____
James F. Crawford
Attorney for Plaintiff